**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION**

| | | |
|---|---|---|
| **JONATHAN RABURN** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| | § | |
| **WIENER, WEISS, &** | § | |
| **MADISON** | § | |
| | § | |
| | § | |
| | § | |
| **And** | § | **Complaint** |
| | § | |
| | § | **and;** |
| | § | |
| **Community Management, LLC** | § | **Demand for Jury Trial** |
| | § | |
| | § | |
| | § | |

**COMPLAINT**

NOW COMES Plaintiff, JONATHAN RABURN (hereafter the "Plaintiff) by and through undersigned Counsel, whom through this complaint against the Defendants alleges the following:

1

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs, and Attorneys' fees pursuant to 15 U.S.C. §1692, the Federal Fair Debt Collection Practices Act or FDCPA.

## JURISIDICTION AND VENUE

2.      Subject Matter Jurisdiction of this Court arises under 15 U.S.C. §1681(p), 15 U.S.C. 1692k(d), and 28 U.S.C. §1331 as the operative facts involve breaches of the Fair Debt Collection Practices Act.

3.      Supplemental Jurisdiction over the underlying disputed debt claim co-defendants are attempting to collect should be exercised by the Court under 28 U.S.C. §1367. The FDCPA claims of plaintiff form part of the same case and controversy because they would not exist but for the disputed debt claim.

4.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because (1) a substantial part of the events giving rise to this claim occurred in this District and (2) co-defendant, Community Management, LLC, is located and does business in this district.

## PARTIES

5.    Plaintiff is a natural person and a resident and citizen of the State of Louisiana of the United States of America.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3).

6.      Defendant, WIENER, WEISS AND MADISON, (hereinafter WIENER), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is a law firm which regularly engages in the collection of debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Louisiana.

7.      Defendant, Community Management, LLC, (hereinafter Community), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is a company which regularly engages in the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Louisiana. Community is located in Denham Springs, Louisiana.

## ALLEGATIONS AS TO WIENER

8.      WIENER is a law firm located in Louisiana and has been retained to collect debts on behalf of the Colony Homeowners' Association. WIENER filed suit against Plaintiff under docket number 148,662E in the 26th Judicial District Court of Bossier Parish, Louisiana.

9.      On February 13, 2017 WIENER, by and though its agent and employee, Reid Jones sent, a communication via email with no language warning that the communication was an attempt to collect a debt from a Consumer under the FDCPA. This communication is attached as Exhibit 1.

10.      That on February 14, 2017, at 12:07 p.m. Plaintiff communicated to WIENER that he had obtained representation and would get back with WIENER with his attorney's contact information. A copy of this communication is attached as Exhibit 2.

11.      That on February 14, 2017, WIENER did not even let five hours go by without communicating with Plaintiff again without any notice that Defendant was attempting to collect a debt. Furthermore, Defendant knowingly communicated with a consumer that was represented by counsel which violates section 1692c of the Fair Debt Collection Practices

Act. This email communication is attached as Exhibit 3. Furthermore, as shown in Exhibit 3, discovery was sent directly to Plaintiff on February 14, 2017, even though WIENER knew Plaintiff was represented by counsel.

12.     In addition to communicating with Plaintiff in violation of the FDCPA, Defendant is seeking to collect an illegal sum of money from the Plaintiff.

13.     Defendant is seeking to collect a debt that has been ruled as inaccurate in the 26th Judicial Court of Bossier Parish. The attempt to collect an incorrect amount on a debt violates 15 USCA 1692e of the FDCPA. Furthermore, Plaintiff notified the president of the Colony HOA in person that Plaintiff was disputing the amount owed well before WIENER filed a Motion for Summary Judgment attempting to collect an incorrect amount from Plaintiff.

14.     Furthermore, Defendant is seeking to collect on an account with inaccurate billing and incorrect charges and is thus violating 15 USCA 1692e by falsely representing the amount of the debt.

15.     Defendant has also used an affidavit in the collection of its debt that is false and misleading. The affidavit is sworn to by the president of the Colony Homeowner's association that Defendant is attempting to collect a debt for.

16.     In the Affidavit, Aaron Stevens specifically states that he was president of the Colony Homeowner's Association at all relevant times to this lawsuit. This is both false and misleading because he was not President of the Homeowner's association for at least 2 years of the time period that Defendant was attempting to collect a debt for in docket number 148,662E in the 26th Judicial District Court of Bossier Parish, Louisiana. This violates the FDCPA. Please see 15 U.S. Code § 1692e ("(10) The use of any false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.")

17.     WIENER in this matter also sent collection attempts to an address that Plaintiff had specifically told an attorney at WIENER he ceased using on December 31, 2015. Thus, WIENER was on notice of the fact the Defendant had not used that address in over a year and still sent collection attempts to it.

<u>**ALLEGATIONS AS TO COMMUNITY**</u>

18.     COMMUNITY is falsely and deceptively collecting the same debt as Defendant WIENER.

19.     COMMUNITY, on its own and not through retained counsel, sent a letter to Plaintiff attached as Exhibit 4 in an attempt to collect a debt on behalf of the Colony Homeowners' Association.

20.     This letter is incredibly deceptive on its face. In the letter attached as Exhibit 4, COMMUNITY gives the false impression that it is the Colony Homeowners' Association and gives an address located in Denham, Springs, LA. Both the letterhead and the signature give the impression the Colony Homeowners Association sent the letter.

21.     In the fifth section of the letter the letter specifically states **"**We don't want to see you experience any further actions, so please send full payment to avoid further collection action and expense." This clearly shows they are attempting to collect a debt from the Plaintiff.

22.     Nowhere on the letter is there a warning stating that "this is an attempt to collect a debt." This violates the FDCPA notice requirements.

23.    Furthermore, this was the first communication sent by COMMUNITY attempting to collect the sum of $9,531.44 from the Plaintiff. Defendant COMMUNITY failed to provide any of the initial disclosures as required under 1692g(a) of the FDCPA.

24.    COMMUNITY is seeking to collect on an account with inaccurate billing and incorrect charges and is thus violating 15 USCA 1692e by falsely representing the amount of the debt.

25.    COMMUNITY is seeking to collect on an account with inaccurate amount due and thus is violating 15 USCA 1692e by falsely representing the amount of the debt.

26.    COMMUNITY additionally violated the FDCPA by sending a collection letter directly to a consumer represented by counsel. The collection letter is date March 6, 2017 which is well after Plaintiff notified COMMUNITY'S attorney that he was represented by counsel.

## JOINT ALLEGATIONS

27.    Both Defendants in this matter are attempting to collect a debt on behalf of the Colony Homeowner's Association. This can only be done for the purpose of harassment and to confuse the consumer as to which person the Plaintiff could even make a payment to. This is a violation of 1692f of the FDCPA because it is both unfair and unconscionable.

### *Standard of Review and Relevant Jurisprudence*

28.    The Fifth Circuit has adopted the "least sophisticated consumer standard" for the review of violation of the Fair Debt Collections Practices Act. *Please see Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997). "Several Circuit Courts of Appeals have held that, in determining whether a violation of the FDCPA has*

*occurred, the debt collector's representations, notices and communications to the consumer must be viewed objectively from the standpoint of the "least sophisticated consumer." Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir.1993); Clomon v. Jackson, 988 F.2d 1314 (2d Cir.1993); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1174-75 (11th Cir.1985); Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1028 (6th Cir.1992); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir.1991); Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir.1982). This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials. Clomon, 988 F.2d at 1318-19.*

29.    The bona fide error defense is not available to the Defendant in this matter. Please see *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 574 (2010 "(a) A violation resulting from a debt collector's misinterpretation of the legal requirements of the FDCPA cannot be "not intentional" under § 1692k(c).*"

30.    The Defendant is required to have procedures in place to avoid clerical or factual errors such collecting the incorrect amount of money. *Please see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 574 (2010). "Congress also did not confine FDCPA liability to "willful" violations, a term more often understood in the civil context to exclude mistakes of law. See, e.g., Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125–126, 105 S.Ct. 613, 83 L.Ed.2d 523. Section 1692k(c)'s requirement that a debt collector maintain "procedures reasonably adapted to avoid any such error" also*

*more naturally evokes procedures to avoid mistakes like clerical or factual errors. Pp.*

*1611 – 1615."*

31.     Attorneys in litigation are debt collectors and fall under the FDCPA. *Please see*

*Heintz v. Jenkins, 514 U.S. 291, 299 (1995) "For these reasons, we agree with the Seventh*

*Circuit that the Act applies to attorneys who "regularly" engage in consumer-debt-*

*collection activity, even when that activity consists of litigation. Its judgment is therefore*

*Affirmed"*

*32.*     WIENER and COMMUNITY violated 15 U.S.C. §1692e(2)(A) by falsely

representing the character and/or the legal status of the alleged debt.

> 15 U.S.C. §1692e **"False or Misleading Representation"** pertinently provides:

> > A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> > > (2) The false representation of—
> > >     (A) the character, amount, or legal status of any debt

> > And

> > > (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

33.     COMMUNITY violated  5 U.S.C. §1692e and 15 U.S.C §1692f by giving the

impression it was another entity that it was not.

> 15 U.S.C. §1692e **"False or Misleading Representation"** explains that the following constitutes and FDCPA violation:

> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer.

And;

The section entitled **"Unfair practices"** under 15 U.S.C §1692f pertinently provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

34.     WIENER violated  5 U.S.C. §1692e and 15 U.S.C §1692f by attempting to collect a debt for services not performed.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

The section entitled **"Unfair practices"** under 15 U.S.C §1692f reads;

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

35.     The conduct of  WIENER and COMMUNITY were a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

36.     As a result of the Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

37.     As a result of  Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

38.    At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

39.    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## DEMAND FOR JURY TRIAL

40.    Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants  based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d)Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

_____
Nicholas M. Graphia, La. Bar No. 33159
Law Office of Nicholas M. Graphia, LLC
301 Main Street, Ste. 2200
Baton Rouge, LA  70801
(225) 366-8618
(888) 909-6892 Fax
ngraphia@nmglegal.com

10

11