UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN RABURN

v.                                                                    CIVIL NO. 17-155-JWD-RLB

WIENER, WIESS & MADISON ET. AL

**RULING AND ORDER**

This matter is before the Court on (1) *Defendants' [Community Management LLCs'] Motion for Attorneys' Fees and Costs* ("*Motion for Attorneys' Fees*"); (Doc. 100) (2) Plaintiff's *Motion to Strike Community Management, LLC's Untimely Motion for Attorney's Fees* ("*Motion to Strike*"); (Doc. 108) (3) Plaintiff's *Motion to Stay Plaintiff's Response to Defendant Community Management, LLC's Untimely Motion for Attorney's Fees* ("*Motion to Stay*"); (Doc. 109) and (4) Plaintiff's *Motion for Rule 11 Sanctions for Community Management LLC's Untimely Motion for Attorney's Fees*, ("*Rule 11 Motion*") (Doc. 117). All motions are fully briefed. Oral argument is not necessary. Having considered the arguments of the parties, the facts and the law, and for the reasons given below, Plaintiff's *Motion to Strike* is granted and Defendants' *Motion for Attorneys' Fees* is struck. Plaintiff's *Motion to Stay* is therefore denied as moot. Plaintiff's *Rule 11 Motion* is granted in part and denied in part.

FACTUAL BACKGROUND

Plaintiff filed the case on March 17, 2017 alleging violations of the Fair Debt Collections Practices Act against defendants Wiener, Weiss & Madison ("WWM") and Community Management LLC ("Community"). (*Complaint*, Doc. 1.) Community answered the *Complaint* and the *Amended Complaint* on July 3, 2017. (Doc. 27, 28.) On February 1, 2018, Community filed a *Motion for Summary Judgment*. (Doc. 55.) The parties fully briefed the *Motion for Summary Judgment* and provided supplemental briefs on whether Community was a creditor.

1

(Docs. 61, 68, 72, and 73.) The Court entered a *Ruling and Order* and *Judgment* granting summary judgment to Community on May 7, 2018. (Docs. 74, and 75.) Plaintiff timely filed a *Notice of Appeal* of the Court's Ruling and Order. (Doc. 77.) On March 6, 2019, the Fifth Circuit issued its Mandate affirming the Court's ruling granting summary judgment. (Doc. 87.) On May 15, 2019, Community filed the *Motion for Attorneys' Fees*. (Doc. 100).

Community's *Motion for Attorneys' Fees* was filed 373 days after the Court issued the *Judgment* in favor of Community on May 7, 2018. Community's *Motion for Attorneys' Fees* was filed 70 days after the Fifth Circuit issued the *Mandate* affirming the Court's Summary Judgment in its favor.

## DISCUSSION

I. *The Motion for Attorneys' Fees, the Motion to Strike and the Motion to Stay.*

   a. <u>Parties' Arguments</u>

      1. <u>*Community's Motion for Attorneys' Fees*</u>

Community's *Motion for Attorneys' Fees* argues that Plaintiff "is an attorney and gadfly who used the federal courts to harass Community" by filing the lawsuit alleging FDCPA violations. (Doc. 100-1 at 1.) Community asks the Court to award attorney's fees and costs because they allege Plaintiff's case was brought in bad faith and for the purpose of harassment. (Doc. 100-1 at 3.) First, Community argues that as an attorney who practices FDCPA law, Plaintiff knew or should have known (or at the very least should have researched) that Community was not a debt collector as defined by the FDCPA. *Id.* Second, Community asserts that Plaintiff filed the *Complaint* to legally extort Community rather than pay his homeowners association dues. Third, Community states that their attorney's fees were increased because of Plaintiff's appeal. *Id.* Last, Community points out that Plaintiff was found to be acting in bad faith by a district court in Texas, when he tried to recover $130,000.00 in attorney's fees in an

FDCPA case wherein the actual damages were a nominal $1,000.00. In reviewing the denial of attorney's fees, the Fifth Circuit pointed out that "the FDCPA does not support avaricious efforts of attorneys seeking a windfall. Because grossly excessive attorney's fee requests directly contravene the purpose of the FDCPA, these tactics must be deterred." (*Id.* at 4.) Therefore, Community concludes it is entitled to attorney's fees for their defense in the lawsuit.

    2. *Plaintiff's Motion to Strike and Motion to Stay*

Plaintiff did not respond to Community's *Motion for Attorneys' Fees*. Instead Plaintiff filed a *Motion to Strike*. (Doc. 108) and a *Motion to Stay*. (Doc. 109.)

In his *Motion to Strike*, Plaintiff argues that Community's *Motion for Attorneys' Fees* is untimely under Federal Rule of Civil Procedure 54(d)(2)(B)(i), which mandates that a motion for attorney's fees must be filed no later than 14 days after entry of judgment. (Doc. 108 at 2.) As such, Plaintiff maintains that Community's deadline was May 21, 2018. Because Community did not file its Motion until May 15, 2019—359 days after the deadline—Plaintiff asks the Court to strike the request for attorney's fees as untimely. *Id.* Plaintiff also points out that even if the Court were to toll the deadline until after the Fifth Circuit entered its Appellate Judgment on March 6, 2019, the *Motion for Attorneys' Fees* was still untimely as the deadline still would have been March 20, 2019. (Doc. 108-1 at 2.)

Plaintiff argues that the timing requirements under Rule 54(d) are mandatory. (Doc. 108-2 at 3, (citing *Heck v. Triche*, 775 F.3d 265, 274 (5th Cir. 2014)).) Furthermore, Plaintiff maintains that the requirement cannot be modified except by statute or court order. (Doc. 108-2 at 3.) Furthermore, Plaintiff points out that under Fifth Circuit case law, the entry of judgment that starts the clock for Rule 54(d) is the judgment by the district court, not the appellate court. (Doc. 108-2 at 3-4, (citing *United Indus., Inc. v. Simon Hartley, Ltd.*, 91 F.3d 762, 765-766 (5th Cir. 1996)).) Plaintiff argues that because the *Motion for Attorneys' Fees* is untimely,

3

Community waived its claim for attorney's fees and that it would be plain error for the Court to now consider the Motion. (Doc. 108-2 at 4-5, (citing *United Indus.,* 91 F.3d at 766).)

Plaintiff argues that to extend the deadline under Rule 54(d)(2)(B)(i), Community must show that its failure to file the *Motion for Attorneys' Fees* was the result of excusable neglect under Rule 6, which it failed to address in its Motion. (*Id.* at 3.) Plaintiff maintains that the failure to plead excusable neglect means that Community waived the issue and is barred from asserting it. (Doc. 108-2 at 2.) Furthermore, Plaintiff points out that ignorance or mistake of the law do not constitute excusable neglect under Rule 6. (Doc. 108-3 at 7, (citing *Lagarde v. Metz*, CV 13-805-RLB, 2017 WL 2371817, at 5 (M.D. La. May 31, 2017)).)

Plaintiff's *Motion to Stay*, argues that the Court should stay his response to the *Motion for Attorneys' Fees* because the issues raised by the *Motion for Attorneys' Fees* will become moot if the Court grants the *Motion to Strike*. The *Motion to Stay* recites the same arguments regarding the untimeliness of the *Motion for Attorneys' Fees*.

### 3. *Community's Response to Motion to Strike/Stay*

Community acknowledges that it did not timely file its *Motion for Attorneys' Fees* under Federal Rule of Civil Procedure 54(d). (Doc. 112 at 1.) Community asks the Court to hear the merits of the *Motion for Attorneys' Fees* because: (1) the Court has jurisdiction to hear the issue of fees and costs; (2) the Court has discretion to hear the motion for attorney's fees and costs; (3) under the particular circumstances of this case, the Court should award attorney's fees and costs. (Doc. 112 at 1.)

First, regarding jurisdiction, Community points out that a district court does not lose jurisdiction over attorney's fees when it is not addressed by the district court or appellate court. (Doc. 112 at 2, (citing *United Indus.*, 91 F.3d at 764).)

Second, Community argues that Rule 54(d) does not apply because "the FDCPA allows an award of attorney's fees in favor of a prevailing defendant where the plaintiff's FDCPA claims are brought in bad faith and for the purpose of harassment." (Doc. 112 at 3, (citing 15 U.S.C. § 1692(k)(a)(3)).) Community relies on the Fifth Circuit's statement in a footnote that "the motion requirement is waived if the substantive law governing the action provides for recovery of such fees as an element of damages to be proved at trial." (Doc. 112 at 2, (citing *United Indus.*, 91 F.3d at 776, n.7).)

Community goes onto argue that even if Rule 54(d) applies, the Court may waive the time requirements if proper notice is given that attorneys' fees are at issue. Community cites *Romaguera v. Gegenhimer*, 162 F.3d 893 (5th Cir. 1998) which affirmed a district court's award of attorney's fees requested nearly a year after the entry of final judgment. In *Romaguera* the Fifth Circuit states:

> This Circuit has previously held that one of the key functions of Rule 54(d)(2) is to ensure that parties properly notify their counterparts of their requests for attorneys' fees. *Id.* at 766, (citing Fed.R.Civ.P. 54 advisory committee's note (subdivision (d))). Rule 54(d)(2) sets out the minimum requirements needed to effectuate a valid notice of the request. The failure to file the request would ordinarily result in a request being denied. However, a court may deem a notification sufficient if it satisfies the intended purposes of Rule 54(d)(2).

162 F.3d at 896. In addition, Community points the Court to the Fifth Circuit decision in *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 664 (5th Cir. 2002). (Doc. 112 at 4.) In *Green*, the Fifth Circuit explained that Rule 54 is not jurisdictional and reiterated that if a court deems notice sufficient to satisfy the purposes of Rule 54(d), it may allow untimely consideration of a motion for attorneys fees. (Doc. 112 at 4, (citing *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 26, 2002) (overruled on other grounds)).) Community argues that Plaintiff had notice that attorney's fees were at issue and therefore that the Court can waive the time

5

requirement under Rule 54(d) because: (1) Plaintiff requested attorney's fees as permitted under the FDCPA; and (2) Plaintiff is an attorney who was cited in a separate case by the Fifth Circuit as being "avaricious" and "grossly excessive" in his fee claims.

Last, Community argues that the Court should hear the merits of the fees claim because Plaintiff's actions in this case were a means of harassing the homeowner's association. Community raises the same arguments as to why the Court should find Plaintiff acted in bad faith and for the purpose of harassment as expressed in its *Motion for Attorneys' Fees*.

    4. *Plaintiff's Reply to Community's Opposition*

First, Plaintiff reasserts that a motion for attorney's fees under the FDCPA are properly brought by motion, not damages to be proven at trial. (Doc. 113 at 1.) Second, Plaintiff argues that Community misstates the Fifth Circuit holdings regarding exceptions to the untimely filing of a motion for attorney's fees. (Doc. 113 at 3.)

b. Applicable Law

    1. *FDCPA allows prevailing defendants to recover attorney's fees on a motion under Rule 54(d) after entry of the final judgment.*

The FDCPA allows prevailing defendants to recover attorney's fees if the Court determines that the case was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3) ("(a) Amount of damages . . . On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.").

Courts have held that a defendant's claim for attorneys' fees is not a counterclaim for damages but is instead properly brought by motion in the event that the defendant prevails on liability under the FDCPA. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir.1985) ("[t]o recover attorney's fees under the FDCPA, the *prevailing* defendant must show

6

affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment") (emphasis added); *Allen v. Scott,* 2011 WL 219568 at *2 (N.D. Tex. Jan. 19, 2011) ("[The] conclusion that § 1692k does not permit a bad faith counterclaim is consistent with the majority of decisions reached by other courts"); *Kropf v. TCA, Inc.,* 752 F.Supp.2d 797, 798 (E.D. Mich. 2010) ("the Fair Debt Collection Practices Act does not create an independent cause of action for attorney's fees"); *Allers–Petrus v. Columbia Recovery Group, LLC,* C08–5533 FDB, 2009 WL 1160061 at *1 (W.D.Wash. Apr. 29, 2009) ("[I]f a plaintiff brings an FDCPA action and loses, subsection 1692k(a)(3) permits the court to award attorney's fees and costs to the defendant") *Rodriguez v. Portfolio Recovery Assocs., LLC*, 841 F. Supp. 2d 1208, 1210–12 (W.D. Wash. 2012) ("A few courts have allowed § 1692k(a)(3) counterclaims. However, notably more courts have found that § 1692k(a)(3) should not be pursued as a counterclaim, but should be resolved only after a defendant prevails on the merits.") (internal citations omitted.)

Allowing attorney's fees to be brought by motion by the prevailing defendant is consistent with Rule 54(d), which states in relevant part:

> (d) Costs; Attorney's Fees. . . . (2) Attorney's Fees. (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

Fed. R. Civ. P. 54(d)(2); *Rodriguez* 841 F. Supp. 2d at 1211. As the substantive law of the FDCPA does not require a defendant to prove attorney's fees as an element of damages, the general rule under Federal Rule of Civil Procedure 54(d) applies.

Further only allowing a prevailing defendant to recover attorney's fees on a motion under Rule 54(d) is consistent with the congressional purpose under the FDCPA. The Western District of Washington in *Rodriguez v. Portfolio Recovery Assocs., LLC*, explains:

> Congress's explicit purpose for passing § 1692 was to increase the protection for consumers from abusive debt collection practices, and to incentivize consumers

7

who have been subjected to such abuses to "self-enforc [e]" the legislation by bringing suit. 15 U.S.C. § 1692; S.Rep. No. 95–382, 95th Cong., 1st Sess. 1–5 (1977), 1977 U.S.C.C.A.N. 1695, 1700. The provision allowing courts to award defendants with attorney's fees was written "[i]n order to protect debt collectors from nuisance lawsuits." S.Rep. No. 95–382, at 5, 1977 U.S.C.C.A.N. 1695, 1700. Allowing the counterclaim would not achieve this purpose any more effectively than allowing defendants to raise their attorney's fees claims by motion after they prevail in the primary dispute.

841 F. Supp. 2d at 1212.

    *2. Rule 54(d) sets a fourteen-day time limit for filing a motion for attorney's fees.*

Because Rule 54(d) applies to a motion for attorney's fees brought by a prevailing defendant in an FDCPA case, in the Fifth Circuit "to be entitled to attorneys' fees, a party must (1) request attorneys' fees in its pleadings and (2) file a timely motion for attorneys' fees under Rule 54(d)(2) within fourteen days after the entry of final judgment." *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir.1998), *decision clarified on denial of reh'g,* 169 F.3d 223 (5th Cir.1999). As noted by the Fifth Circuit, Rule 54(d)(2) sets out a fourteen-day deadline for filing a motion for attorney's fees. Fed. R. Civ. P. 54(d)(2)(B) ("**B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must: **(i)** be filed no later than 14 days after the entry of judgment . . . ").

    *3. The fourteen-day time limit can be waived when the prevailing party provides adequate notice that attorney's fees are at issue in the case.*

The fourteen-day time limit is not jurisdictional. *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 26, 2002) (overruled on other grounds). The Fifth Circuit has repeatedly held that a district court may waive the fourteen-day deadline where "parties properly notify their counterparts of their requests for attorneys' fees" and therefore fulfill the purpose of Rule 54(d). For example, in *Romaguera v. Gegenheimer*, the Fifth Circuit upheld the district court's waiver of the fourteen-day requirement under Rule 54(d) in a case where

the particular events that transpired excused Romaguera from having to file a motion for attorneys' fees. In its "Order and Reasons," accompanying its 1992 judgment, the district court acknowledged Romaguera's request by stating: "The plaintiffs have requested attorneys' fees under 42 U.S.C. § 1988. This shall be addressed at a separate hearing." The district court's 1992 judgment was subsequently vacated by this Court. Then on remand, the district court entered judgment in favor of Romaguera after holding a trial on the merits. In its "Findings and Conclusions on Remand," the district court again stated: "The plaintiffs have requested attorney's fees under 42 U.S.C. § 1988. This shall be addressed at a separate hearing."

162 F.3d 893, 895 (5th Cir. 1998), *decision clarified on denial of reh'g,* 169 F.3d 223 (5th Cir. 1999). The Fifth Circuit held,

> the district court's acknowledgement of Romaguera's request served to notify opposing counsel of the request, thereby satisfying Congress' intended purpose under Rule 54(d)(2). Had the district court refrained from giving the impression that a hearing would be scheduled by the court, Romaguera would have been required to file the motion under Rule 54(d)(2). As a consequence of the court's acknowledgement of the request, together with its indication in its order that a hearing would be held thereon, however, a filing was not needed and the subsequent filing by Romaguera simply served as a reminder to the court that it had failed to set a hearing date.

169 F.3d 223 (5th Cir.1999). In comparison, the Fifth Circuit points to *United Industries, Inc. v. Simon–Hartley, Ltd.*, where

> the prevailing party failed to raise the issue of attorneys' fees during litigation and failed to file a motion within fourteen days of entry of final judgment. *Id.* The issue was raised nearly a year after the entry of final judgment and this Court properly denied the party's request because it was untimely under Rule 54(d)(2).

*Romaguera v. Gegenheimer*, 162 F.3d at 895 (citing, *United Industries, Inc. v. Simon–Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir.1996)).

Therefore, under Fifth Circuit precedent, the Court may waive the time limit under Rule 54(d) when: (1) the prevailing party provides notice to opposing counsel that it intends to pursue attorneys fees; and (2) the Court acknowledges the request for attorney's fees or gives an indication that a hearing will be held on the issue.

9

4. *Rule 54(d) does not allow the Court to extend the time to file a motion for attorney's fees after the deadline expires without applying excusable neglect under Rule 6(b)(1)(B).*

Rule 54(d)(2)(B) states "Unless a statute or a court order provides otherwise, the motion must: **(i)** be filed no later than 14 days after the entry of judgment." Several circuit courts have expressly rejected the argument that the clause "unless . . . a court order provides otherwise" allows a district court to extend the time to file a motion for attorney's fees without finding excusable neglect. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004) ("we expressly reject [defendant's] argument that Rule 54's introductory clause, "[u]nless otherwise provided by statute or order of the court," gives district courts *carte blanche* to extend the time to move for attorneys' fees after the deadline expires without having to find "excusable neglect" under Rule 6."); *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 259 (4th Cir. 2008) (applying the excusable neglect standard to an untimely motion for attorney's fees and stating "the court was only empowered to grant such an extension under Rule 6(b)(2), upon a motion being made by the plaintiffs that was supported by a showing of excusable neglect."); *Epperson v. Colbert*, 679 F. App'x 410, 418 (6th Cir. 2017) ("Based on the goals announced at the time Rule 54(d)(2) was enacted and the principles derived therefrom, we conclude that the district court erred in awarding attorneys' fees without considering whether the motion was timely or whether any untimeliness should be excused based on the principle of excusable neglect."); *see also Atel Mar. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, No. CIV.A. 08-1700, 2014 WL 235441, at *9 (E.D. La. Jan. 22, 2014) ("In light of the fourteen-day deadline specified in Rule 54(d), SMM's recognition of its failure to meets this deadline, and the absence of any exception to the deadline, the Court finds that SMM's Motion for Attorneys' fees is barred as untimely, unless Federal Rule of Civil Procedure 6(b) applies.").

Rule 6(b)(1)(B) states in relevant part:

> (b) Extending Time. (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B).

The Fifth Circuit has explained the standard to impose when reviewing a grant or denial of an extension of time under Rule 6(b)(1)(B) stating,

> Federal Rule of Civil Procedure 6(b) allows the district court to grant a party's motion to file an untimely pleading on a showing of good cause and "if the party failed to act because of excusable neglect." We have said that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In evaluating a party's claim of excusable neglect, the district court may consider the danger of prejudice to the opposing party, the length and impact of the delay, the reason for the delay, and the moving party's good faith.

*DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544 (5th Cir. 2014) (citing, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993)) (internal footnotes omitted). Likewise, the Supreme Court stated that under Rule 6(b), "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.

   c. Analysis

The Plaintiff's *Motion to Strike* presents dispositive procedural issues for the Court to consider prior to Community's *Motion for Attorneys' Fees*. The Court agrees with Community that, under the FDCPA, 15 U.S.C. § 1692k(a)(3) allows prevailing defendants to recover attorney's fees in a case brought by a plaintiff in bad faith and for the purpose of harassment. Plaintiff's conduct during this litigation raises the serious issue of whether this case was brought in bad faith and for the purpose of harassment. However, that is not enough. The Court also agrees with Plaintiff that Community was required to bring any motion for attorneys' fees under Rule 54(d) within fourteen days of entry of the final judgment by this Court. Community did not

file its *Motion for Attorneys' Fees* until nearly a year after the deadline to bring a motion for attorney's fees.

Further, Fifth Circuit case law on the issue is clear that when a motion for attorneys' fees is untimely, it should be denied unless the moving party can show that either (1) adequate notice was provided that attorney's fees remain an issue in the case; or (2) that the failure to timely file its motion for attorneys' fees was the result of excusable neglect under Rule 6(b)(1)(B).

First, as to the exception regarding adequate notice to the opposing party, Community provided some notice in its answers to the *Complaint* and the *Amended Complaint*. In both of its answers, it stated as its fourth defense, "The plaintiff's claims against Community Management, LLC, are brought 'in bad faith' and solely for the purpose of harassing the defendant." (Docs. 27, and 28 at 7.) Community's answers also specifically request the Court to award fees and costs incurred in its defense. (*Id.* at 9.) Further, in its *Memorandum in Support of Summary Judgment*, Community states, "Community Management, LLC further claims that it is entitled to an award of attorney's fees and costs as it is abundantly clear that the plaintiff's claims against it were brought in bad faith." However, in its *Ruling and Order* granting Community's Motion for Summary Judgment, the Court did not acknowledge Community's request for attorney's fees or give any indication that a hearing would be held on the issue of attorney's fees. Therefore, the facts of this case do not fall into the exception stated in *Romaguera v. v. Gegenheimer*, where the Fifth Circuit emphasized that

> Had the district court refrained from giving the impression that a hearing would be scheduled by the court, Romaguera would have been required to file the motion under Rule 54(d)(2). As a consequence of the court's acknowledgement of the request, together with its indication in its order that a hearing would be held thereon, however, a filing was not needed and the subsequent filing by Romaguera simply served as a reminder to the court that it had failed to set a hearing date.

169 F.3d 223 (5th Cir.1999). Instead, this case is similar to *United Industries*, where the Fifth Circuit upheld a district court's decision to deny attorney's fees when the prevailing party failed to "raise the issue of attorneys' fees during litigation and failed to file a motion within fourteen days of entry of final judgment." *Romaguera v. Gegenheimer*, 162 F.3d at 895 (citing, *United Industries, Inc. v. Simon–Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir.1996)).

Second, despite ample opportunity to raise excusable neglect or provide some explanation for why it failed to timely file its *Motion for Attorneys' Fees*, Community has not filed a motion to extend the time under Rule 6(b) or otherwise argued or addressed excusable neglect. Therefore, based on Community's untimely motion under Rule 54(d), the Court will GRANT Plaintiff's *Motion to Strike*. Having granted Plaintiff's *Motion to Strike*, the Court will DENY Plaintiff's *Motion to Stay* as moot.

II. The Plaintiff's Motion for Rule 11 Sanctions

a. Parties' Arguments

In the *Rule 11 Motion*, Plaintiff argues that sanctions under the Federal Rules of Civil Procedure 11 are appropriate because (1) Community filed its *Motion for Attorneys' Fees* to harass Plaintiff; (2) Community had no legal grounds to file its *Motion for Attorneys' Fees* even if it had been timely because there was no finding of bad faith against Plaintiff; and (3) the *Motion for Attorneys' Fees* was 359 days late. (Doc. 117 at 2-3.) Community responds that Rule 11 sanctions are not appropriate because (1) the Court has jurisdiction to hear the issue of fees and costs; (2) the Court has discretion to hear the *Motion for Attorneys' Fees* under the FDCPA and Rule 54(d); and (3) Plaintiff filed the litigation to harass Community and the *Rule 11 Motion* is further example of his practice of bringing unfounded legal threats. (Doc. 122.)

13

b. <u>Applicable Law</u>

Federal Rule of Civil Procedure 11(b) requires a party that files a motion with the Court to sign the motion and therefore represent,

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . .

Fed. R. Civ. P. 11(b). Under Rule 11(b) a lawyer is required to "'stop-and-think' before ... making legal or factual contentions." *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 265 (5th Cir. 2007) (quoting, Advisory Committee Notes on Fed. R. Civ. P. 11 (1993 Amendments). Rule 11's "obligation must be satisfied; violation of either justifies sanctions. And, in determining compliance *vel non* with each obligation, the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003).

If the Court finds that Rule 11 is violated, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible fore the violation." Fed. R. Civ. P. 11(c)(1). The Court must limit the sanction

> to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11 (c)(4). The Fifth Circuit has explained that in determining the appropriate sanction,

> the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose. For example, an admonition by the court may be an appropriate sanction, in instances where the attorney's sanctionable conduct was not intentional or malicious, where it

constituted a first offense, and where the attorney had already recognized and apologized for his actions.

*Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 265 (5th Cir. 2007) (internal citations omitted).

  c. Analysis

As previously explained, the Court will grant Plaintiff's *Motion to Strike* Community's *Motion for Attorneys' Fees*. In bringing the *Motion for Attorneys' Fees*, Community did not argue for the modification of the law or suggest novel legal theories. Instead Community implores the Court to grant attorneys' fees against Plaintiff because of Plaintiff's bad faith in bringing the suit and his history of abusive FDCPA litigation. The Court acknowledges that throughout the underlying state court case and before this Court, Plaintiff has used the judicial system to advance a losing argument in an attempt to not pay his homeowner's association fees. If Defendant had timely filed its *Motion for Attorneys' Fees*, the Court believes that Community's claim that this case was brought in bad faith for the purpose of harassment might well have succeeded.

However, Plaintiff is correct that Community did not timely file its *Motion for Attorneys' Fees* and did not provide a legal basis for the Court to consider the untimely filing. As explained by the Fifth Circuit

> Rule 11 is not intended to stifle creative advocacy or to chill an attorney's enthusiasm in pursuing factual or legal theories. But just as not every combination of chords constitutes a song, not every argument that the law should be otherwise counts as creative advocacy. [The party's] pleadings do not argue for the modification of the law of limitations; they do not suggest novel legal theories or a creative interpretation of a changing area of the law. The claims either rest on poor legal research, bad faith, or both. To say the least, the district court did not abuse its discretion in reprimanding [the party] on this point.

*Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1194 (5th Cir. 1996). Although, the Court recognizes Community's frustration with Plaintiff and his actions in bringing the suit, that

15

frustration does not absolve counsel for Community from following the Federal Rules of Civil Procedure. Therefore, as a Rule 11 sanction the Court will admonish Community's counsel and their law firm for the failure to abide by the timing requirements of Rule 54(d) and implore counsel to follow the Federal Rules of Civil Procedure. The Court declines to award a monetary sanction against Community's counsel because the Court finds that its motion was not brought in bad faith and a monetary sanction is not necessary to deter this party or other similarly situated parties from similar behavior.

## CONCLUSION

IT IS HEREBY ORDERED

Plaintiff's *Motion to Strike* is GRANTED. (Doc. 108.)

Defendant's *Motion for Attorneys' Fees* is STRICKEN. (Doc. 100.)

Plaintiff's *Motion to Stay* is DENIED as moot. (Doc. 109.)

Plaintiff's *Rule 11 Motion* is GRANTED in part and counsel for Community is admonished to adhere to the timeliness requirements under the Federal Rules of Civil Procedure. (Doc. 117.) Plaintiff's *Rule 11 Motion* is DENIED in part as no monetary sanctions will be imposed. *Id.* The parties will bear their own costs and fees.

In light of this Court's ruling, oral argument scheduled for December 16, 2019, is canceled.

Signed in Baton Rouge, Louisiana, on December 9, 2019.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**